Case No. 4:22-cr-00367

| United States of America | In the United States District Court |
| v. | For the Southern District of Texas |
| Isaac Ambe Nformangum | Houston Division |

**OBJECTIONS TO GOVERNMENT'S EXHIBITS**

Mr. Nformangum has been provided with an exhibit list and exhibits by the Government pursuant to local rule 55.2. Pursuant to local rule 55.2, Mr. Nformangum previously objected to the authenticity of exhibits 9, 10, and 18. In compliance with Rule 55.2 (b), Mr. Nformangum makes the following substantive objections.

**OBJECTION TO GOVERNMENT EXHIBIT 8**

Exhibit 8 appears to be the curriculum vitae of John Cunningham, the Director of Security at Lumen Technologies. Lumen Technologies owns the company that Senator Cruz's office contracts with for internet based phone services. This exhibit is not relevant. *See* Fed. R. Evid. 401. The exhibit contains hearsay. *See* Fed. R. Evid. 801.

**OBJECTION TO GOVERNMENT EXHIBIT 9**

Exhibit 9 is a chart created for the purposes of trial. More specifically, it appears the Government intends to prove the "transmission in interstate or foreign

1

commerce" element of Count II with this exhibit. Mr. Nformangum has previously objected to the authenticity of this exhibit because he has no indication of when or by whom the exhibit was made. The exhibit also contains hearsay, and possibly hearsay within hearsay. *See* Fed. R. Evid. 801, 805.[1]

More importantly, introduction of this exhibit violates the confrontation clause. The confrontation clause bars out-of-court statements by witnesses that are testimonial unless witnesses are unavailable and defendants had prior opportunity to cross-examine the witness. *Crawford v. Washington*, 541 U.S. 36 (2004). Testimonial statements include "[a] solemn declaration or affirmation made for the purpose of establishing or proving some fact." *Id.* at 51. They also include statement "made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial. . ." *Id.* at 52; *See also Melendez-Diaz v. Massachusetts*, 557 U.S. 305 (2009) (lab analyst's affidavit concerning results of drug testing were testimonial in nature). Further, the person who actually made the out of court testimonial statement must be present to testify in court. *See Bullcoming v. New Mexico*, 564 U.S. 647, 657 (2011). Mr.

---

[1] The Exhibit contains information from at least five different companies.

Nformangum objects to this exhibit as violating the confrontation clause.

**OBJECTION TO EXHIBIT 10**

Government Exhibit 10 is possibly a record from Lumen Technologies. Although the Government has provided Mr. Nformangum with a business records affidavit from Lumen, it is not clear that business record affidavit is associated with this exhibit.[2] For this reason, Mr. Nformangum continues to object to the authenticity of the exhibit, but also objects on hearsay grounds. *See* Fed. R. Evid. 801. Mr. Nformangum objects to the relevance of the exhibit as well. *See* Fed. R. Evid. 401. To the extent this document was created by some person and is intended to communicate some assertion to the jury, Mr. Nformangum objects on confrontation clause grounds unless the person who crated the document appears at trial.

**GOVERNMENT EXHIBIT 18**

Government Exhibit 18 appears to mirror Government Exhibit 10, with one exception. In a header above the exhibit someone has written "Lumen Network hop 1 arrived from Inteluequent trunk in Denver, Colorado[.]" The exhibit gives no

---

[2] The affidavit relates to a one page document, this is a two page document.

indication where this information came from, who came up with this conclusion, and Mr. Nformangum has not seen any documents from "Intelequent." As a result, Mr. Nformangum continues to object to the authenticity of the document. Mr. Nformangum also objects to the information contained within the document as hearsay. *See* Fed. R. Evid. 801.

Also, the conclusion, or statement, that the call or voicemail "arrived from Inteluequent trunk in Denver, Colorado" is a declaration made for the purposes of establishing a fact at trial, as such, Mr. Nformangum objects under the confrontation clause.

Respectfully submitted,

/s/ Edward Chernoff
Edward Chernoff
TBN 04175730
917 Franklin St, Suite 300
Houston, Texas 77002
Cell: (713) 222-9141
Fax: (713) 236-1886
emchernoff@houstoncriminallaw.com
**ATTORNEY FOR DEFENDANT**

/s/ Jonathan Landers
Jonathan D. Landers
TBN 24070101
917 Franklin St, Suite 300
Houston, Texas 77002
Cell: (713) 301-3153
Fax: (713) 513-5505

4

Jlanders.law@gmail.com
**ATTORNEY FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I certify that on 05/31/2024 these objections were served on all counsel of record through the ECF filing system.

<u>/s/ Jonathan  Landers</u>

Jonathan D. Landers