# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v.  § | Crim. No. 4:22-cr-367 |
| § | |
| ISAAC AMBE NFORMANGUM § | |

**GOVERNMENT'S MOTION IN LIMINE**

The United States Attorney for the Southern District of Texas, Alamdar S. Hamdani, through the undersigned Assistant United States Attorneys, files the Government's Motion in Limine and would show the Court as follows:

This case is presently scheduled for trial on June 10, 2024. Prior to the commencement of trial, the Government requests the Court to instruct the Defendant, his attorneys, and any witnesses questioned or presented by the defense in this case, not to mention, recite, allude to, or refer to in any way before the jury any of the matters listed below until a hearing is conducted outside the presence of the jury to determine their admissibility. The United States would respectfully show the Court that the following matters are presumptively irrelevant, impermissible, misleading and/or confusing to any issue for the jury's proper consideration and should be ruled inadmissible at all stages of this trial:

1.   MENTAL HEALTH EVIDENCE

The government moves to exclude any mentioning of mental health examinations, conclusions, or testimony concerning the Defendant's mental health and whether he did or did not possess the mental state or condition constituting an element of the crime charged.

On June 21, 2023, opposing counsel sent the government a copy of a psychological evaluation of the Defendant performed on May 8, 2023. Counsel advised that this report was not going to be

1

used as a defense to the charges but as potential mitigation evidence. The psychologist diagnosed the Defendant with Autism Spectrum Disorder.

At a suppression hearing on October 23, 2023, opposing counsel questioned the case agent about whether the case agent asked if the Defendant was autistic and why he asked him that question. While the Defendant has not filed any notice under Federal R. Crim. P. 12.2 or Rule 16 to admit evidence of the psychological report, the Government would still seek to preclude any evidence of the Defendant's neurological and mental developmental state or condition, whether in evaluations or in questioning witnesses. The defendant's mental development or neurological state has no bearing on whether he committed the charged offenses.

Under the Federal Rules of Evidence, irrelevant and unfairly prejudicial or misleading evidence is not admissible. *See* Fed. R. Evid. 402, 403; *Huff v. Jackson*, 2013 WL 625045, at *2 (S.D. Tex. Jan. 2, 2013). Absent an insanity defense under Title 18, United States Code § 17, any evidence regarding the defendant's mental health to excuse or diminish his conduct is irrelevant, misleading, will confuse the jury and thus is inadmissible at trial. Any mental health evidence that fails to negate mens rea but is offered only to show that the defendant had no meaningful understanding of his actions and the ensuing consequences is inadmissible. *See United States v. Fleming*, Crim. A. No. H-07-513-1, 2009 WL 10680618 at *4 (S.D. Tex. Apr. 13, 2009) (Miller, J.) (citing *United States v. Pohlot*, 827 F.2d 889, 897 (3d Cir. 1987)). "'[L]ack of self-reflection does not mean a lack of intent and does not negate mens rea.'" *Id.* (quoting *United States v. Cameron*, 907 F.2d 1051, 1062-66 (11th Cir. 1990)); *see also United States v. Eff*, 524 F.3d 712, 719 (5th Cir. 2008) (The language of Title 18 U.S.C. § 17 precludes a defense theory of legal excuse based upon one's lack of volitional control including a diminished ability or failure to reflect adequately upon the consequences of one's actions). "We often act intending to accomplish the immediate goal of our

activity, while not fully appreciating the consequences of our acts. Purposeful activity is all the law requires." *Pohlot*, 827 F.2d at 907; *see Fleming*, 2009 WL 10680618 at *2. Admission of such evidence would confuse and mislead the jury by presenting a defensive theory of excuse rather than a legally acceptable theory of a lack of mens rea. *See Fleming*, 2009 WL 10680618 at *4. As such, the government moves to exclude any such improper evidence from trial.

2.  JURY NULLIFICATION ARGUMENTS AND SUGGESTIONS

Under the law, it is improper for the Defendant to suggest in any way that the jury should acquit even if it finds that the Government has met its burden of proof. *See United States v. Thompson*, 253 F.3d 700, 2001 WL 498430 at *16 (5th Cir. 2001) (citing *United States v. Gonzalez*, 110 F.3d 936, 947-48 (2d Cir.1997)); *see also United States v. Perez*, 86 F.3d 735, 736 (7th Cir. 1996) ("[A]n unreasonable jury verdict . . . is lawless, and the defendant has no right to invite the jury to act lawlessly. Jury nullification . . . is not a right, either of the jury or of the defendant"); *Scarpa v. Dubois*, 38 F.3d 1, 11 (1st Cir. 1994) ("Defense counsel may not press arguments for jury nullification in criminal cases"); *United States v. Trujillo*, 714 F.2d 102, 105 (11th Cir. 1983) ("Appellant's jury nullification argument would have encouraged the jurors to ignore the court's instruction and apply the law at their caprice. While we recognized that a jury may render a verdict at odds with the evidence or the law, neither the court nor counsel should encourage jurors to violate their oath."); *United States v. Edwards*, 101 F.3d 17, 19 (2d Cir. 1996) (holding good motives do not nullify a defendant's violation of the law and a jury should not be encouraged to consider such arguments). Jury nullification is the rejection of the evidence or refusal to apply the law either because the jury wants to send a message about some social issue that is larger than the case itself or because the result dictated by law is contrary to the juror's sense of justice, morality, or fairness. *See United States v.*

3

*Edwards*, 303 F.3d 606, 633 n.15 (5th Cir. 2002). "[T]rial courts have the duty to forestall or prevent such conduct." *United States v. Thomas*, 116 F.3d 606, 614 (2d Cir. 1997).

Specifically, the Government would ask the Court to preclude any suggestion that the Defendant be acquitted because the Defendant's threat was not credible or could be immediately carried out. *See United States v. Polanco*, No. 20-20585, 2022 WL 595154 at *1 (5th Cir. Feb. 28, 2022) (citing *United States v. Stevenson*, 126 F.3d 662, 664-68 (5th Cir. 1997) (explaining the Government only has to show the threat was intentionally communicated, not that it was credible or could be immediately carried out)). "The Government also does not have to prove that the defendant actually intended to carry out the threat." *United States v. Morales*, 272 F.3d 284, 289 (5th Cir. 2001).

In addition, the Government is not required to prove that the target himself received the threat. "The *actus reus* of the offense is the transmission of the threat in interstate commerce. The threat need not be received by the intended recipient." *United States v. Kammersell*, 7 F. Supp. 2d 1196, 1198 (D. Utah 1998). "The language of § 875(c) does not require that the threat be made directly to the intended target; it simply prohibits 'any threat to injure the person of another' made in interstate commerce." *Morales*, 272 F.3d at 288.

As such, any evidence or argument made by defense on the foregoing issues should be precluded as they are not elements of the offense, would be contrary to the jury instructions, and would encourage jurors to render a verdict at odds with the evidence and the law.

Respectfully submitted,
ALAMDAR S. HAMDANI
UNITED STATES ATTORNEY

        BY: */s/ Craig M. Feazel*
           Craig M. Feazel
           Ralph Imperato
           Assistant United States Attorneys
           Phone: 713-567-9000
           Fax: 713-718-3301

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was filed with the District Clerk's Office and was e-mailed via ecf notification on the 4th day of June, to all counsel of record for Defendant.

           */s/ Craig M. Feazel*
           Craig M. Feazel
           Assistant United States Attorney

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § § | |
| **v.** | § § | **Crim. No. 4:22-cr-367** |
| **ISAAC AMBE NFORMANGUM** | § | |

## ORDER

HAVING CONSIDERED the Government's Motion in Limine, the Court ORDERS:

Government's Motion in Limine #1:

_____ GRANTED    _____ DENIED

Government's Motion in Limine #2:

_____ GRANTED    _____ DENIED

SIGNED on  _____, 2024, at Houston, Texas.

_____
HONORABLE LEE H. ROSENTHAL
UNITED STATES DISTRICT JUDGE